IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VAL EALEY, | :: | HABEAS CORPUS |
| Petitioner pro se, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| TOM GRAMIAK, | :: | CIVIL ACTION NO. |
| *Warden, Dooly State Prison*, | :: | 1:14-CV-0418-RWS-WEJ |
| Respondent. | :: | |

### ORDER AND
### <u>FINAL REPORT AND RECOMMENDATION</u>

Petitioner <u>pro se</u>, Val Ealey, who is presently confined in the Dooly State Prison in Unadilla, Georgia, has filed this Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [6] to challenge his convictions entered in the Superior Court of Clayton County. Before the Court are the Amended Petition; respondent's Answer-Response [10] and Motion to Dismiss the Claims Challenging the 2009 Guilty Plea Conviction as Untimely [11]; petitioner's Reply [13]; and petitioner's Motion for Leave to Supplement Exhibits Filed by the Respondent [14]. Petitioner has not shown that the additional exhibits he seeks to add to the record are necessary to resolve the issues before the Court. Accordingly, petitioner's Motion for Leave to Supplement Exhibits Filed by the Respondent is **DENIED**. Additionally, for the reasons stated

below, the undersigned **RECOMMENDS** that respondent's Motion to Dismiss be **GRANTED** and that the Amended Petition be denied.

## I.   PROCEDURAL HISTORY

### A.   Case Number 2008-CR-1875-5

On October 27, 2007, petitioner was stopped for speeding in Clayton County. (Resp't Ex. 5 pt. 1 [12-7], at 102-03; Resp't Ex. 6, pt. 2 [12-11], at 18.)  The officer noticed an odor of marijuana coming from petitioner's vehicle.  (Resp't Ex. 6, pt. 2, at 18.)  Based on the odor, the officer searched the vehicle and found more than an ounce of marijuana and more than twenty-eight grams of cocaine.  (Id.)  Petitioner was charged in Clayton County case number 2008-CR-1875-5 with trafficking in cocaine, possession of marijuana, and speeding.  (Resp't Ex. 5 pt. 1, at 102-03.)

Following a bench trial on April 21, 2009, petitioner was found guilty on all counts.  (Resp't Ex. 5 pt. 1, at 145; Resp't Ex. 5 pt. 2 [12-8], at 32.)  The court imposed a total sentence of ten years of imprisonment.  (Resp't Ex. 5 pt. 2, at 33.)  Thomas Moran represented petitioner at trial.  (Resp't Ex. 5 pt. 1, at 145.)

Represented by new counsel, Jonathon J. Majeske, petitioner filed a direct appeal, arguing that his waiver of his right to a jury trial was involuntary.  (Resp't Ex. 5 pt. 3 [12-9], at 4-13.)  The Georgia Court of Appeals agreed and reversed petitioner's

2

conviction, but concluded that he could be retried.  Ealey v. State, 714 S.E.2d 424, 427-28 (Ga. Ct. App. 2011).

On November 29, 2011, represented by Mr. Majeske and Mark J. Issa, petitioner entered a negotiated guilty plea and again received a total sentence of ten years of imprisonment, concurrent with Clayton County case number 2009-CR-0163-5. (Resp't Ex. 6, pt. 2, at 14-24.)  Petitioner did not pursue further direct review.

### B.    Case Number 2009-CR-0163-05

On October 29, 2007, officers from the Clayton County Narcotics Unit executed a search warrant on petitioner's residence.  (Resp't Ex. 5 pt. 2, at 100.)  Upon entry, the officers found approximately fifty pounds of marijuana, as well as some cocaine. (Id.; Resp't Ex. 2 [12-4], at 2.)  Petitioner was charged in Clayton County case number 2009-CR-0163-5 with possession of controlled substances near a school, possession of cocaine, and trafficking in marijuana.  (Resp't Ex. 5 pt. 3, at 1-2.)

On May 13, 2009, petitioner, represented by Mr. Moran, pleaded guilty to the trafficking in marijuana charge, and the remaining charges were nolle prossed.  (Resp't Ex. 5 pt. 2, at 51, 99-105.)  The court sentenced petitioner to seventeen years of imprisonment, concurrent with Clayton County case number 2008-CR-1875-5.  (Id. at 108.)  Petitioner did not file a direct appeal.

3

**C.**    **Post-Conviction Proceedings**

On February 28, 2012, petitioner, still represented by Mr. Majeske, filed a habeas corpus petition in the Superior Court of Dooly County, challenging case number 2009-CR-0163-5.   (Resp't Ex. 1a [12-1].)   Petitioner later filed a pro se amendment.   (Resp't Ex. 1b [12-2].)   In that petition, as amended, petitioner raised the following seven grounds for relief:  (1) Mr. Moran was ineffective for not properly moving to suppress the contraband found in petitioner's home on the ground that the affidavit supporting the search warrant was legally insufficient; (2) Mr. Moran was ineffective for not moving to quash the indictment on double jeopardy grounds; (3) Mr. Moran was ineffective for failing to challenge the insufficient chain of custody reports as to the marijuana evidence; (4) Mr. Moran was ineffective for not challenging the marijuana tests evaluations because they were fabricated; (5) the prosecutor and trial judge exceeded their jurisdiction in bringing a case against petitioner and entering judgment without evidence or subject matter jurisdiction; (6) the trial court erred in not allowing petitioner to discharge his retained attorney before trial; and (7) the trial court abused its discretion in failing to rule on petitioner's motion to withdraw his plea. (Resp't Ex. 1a, at 5; Resp't Ex. 1b.)

4

On July 30, 2012, petitioner executed another pro se amendment adding a challenge to case number 2008-CR-1875-5. (Resp't Ex. 1c [12-3].) In that amendment, petitioner added the following grounds for relief: (8) Mr. Majeske and Mr. Issa were ineffective for failing to raise a chain of custody and lack of evidence challenge to the cocaine that formed the basis of his conviction, as the cocaine was never signed out of evidence for testing by the Georgia Bureau of Investigation ("GBI"); (9) Mr. Majeske and Mr. Issa were also ineffective for not arguing that the chain of custody documents revealed false entries; (10) Mr. Majeske and Mr. Issa were ineffective for failing to raise a claim that the GBI lab report was fabricated, as the quantities seized and tested differed; (11) Mr. Majeske and Mr. Issa were ineffective for (a) not arguing that Mr. Moran was ineffective for not properly moving to suppress the drug evidence and (b) not allowing petitioner to view the evidence against him; (12) Mr. Majeske and Mr. Issa were ineffective for not arguing that Mr. Moran was ineffective for abandoning representation after the trial court denied petitioner's motion to suppress; (13) Mr. Majeske was ineffective for not arguing prosecutorial misconduct based on the prosecutor's knowledge of the inadmissibility of the drug evidence due to the errors in the chain of custody reports; and (14) Mr. Majeske was

5

ineffective for failing to raise the issue of judicial misconduct based on the trial court's alleged knowledge of the insufficient chain of custody reports.  (Id. at 3-5.)

Following December 11, 2012 and March 19, 2013 evidentiary hearings wherein petitioner appeared pro se, the state habeas court entered a written order denying the petition on April 8, 2013.  (Resp't Ex. 2; Resp't Ex. 5 pt. 1, at 1-95; Resp't Ex. 6 pt. 1, at 1-116.)   The Georgia Supreme Court dismissed as untimely petitioner's application for a certificate of probable cause to appeal the denial of habeas corpus relief on January 6, 2014.  (Resp't Ex. 4 [12-6].)

Petitioner filed this federal habeas action on February 5, 2014.[1]  (Pet. [1] 3.)  In his Amended Petition, petitioner raises the following grounds for relief regarding Clayton County case number 2008-CR-1875-5[2]: (1) his conviction was obtained based on fabricated evidence and an unlawful traffic stop in that the officers "illegally and unconstitutionally profiled, investigated, stopped and arrested . . . petitioner without

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  28 U.S.C. foll. § 2254, Rule 3(d); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

[2] Because the undersigned finds, as discussed below, that petitioner's challenge to Clayton County case number 2009-CR-0163-5 is time barred, petitioner's grounds for relief concerning that case are not listed here.

due process or probable cause"; (2)(a) the state, defense counsel, and the trial court used fraud to convict petitioner as evidenced by the void indictment, fabricated evidence, and that no physical evidence was presented at the bench trial, (b) Mr. Moran was ineffective for filing an insufficient motion to suppress, (c) Mr. Moran was also ineffective for not moving to have the charges dismissed due to the void indictment, GBI log, laser log, and insufficient evidence, (d) Mr. Moran conspired with the state to force petitioner into a stipulated bench trial and stipulating to void evidence and reports, and (e) attorneys Kipling Jones and Michelle Bass Lord provided him ineffective assistance in connection with his motion for a new trial;[3] (3)(a) conspiracy and fraud by the state, appellate counsel and the trial court deprived petitioner of a full and fair appeal, (b) Mr. Majeske was ineffective for failing to move to "void" the conviction, (c) Mr. Majeske deceitfully told petitioner that he could not prosecute the motion to suppress and would have to file a habeas corpus petition, (d) Mr. Majeske failed to appeal the denial of the motion to suppress, raise a claim that the indictment was void, argue that the state had withheld favorable evidence from the video of the

---

[3] As part of ground two, petitioner also asserts that the trial court manipulated and forced him into waiving his right to a jury trial. (Am. Pet. 35) Petitioner raised this claim on direct appeal, and the Georgia Court of Appeals reversed his conviction and allowed the state to retry him. Ealey, 714 S.E.2d at 427-428. Petitioner is entitled to no further relief in this Court with respect to this claim.

7

traffic stop, and have a transcript of the motion for a new trial hearing prepared and transmitted to the appellate court, (e) Mr. Majeske and Mr. Issa withheld facts of petitioner's case and related to the void indictment and forced him to enter a guilty plea, and (f) the indictment is void because petitioner's signature was forged onto it;[4] and (4) his right against double jeopardy has been violated.  (Am. Pet. 12-33, 35-42.)

Respondent argues, in pertinent part, that petitioner's challenge to case number 2009-CR-0163-5 is untimely, ground one is waived by petitioner's guilty plea, and grounds two through four are procedurally defaulted.  (Resp't Br. [11-1] 5-13.) Petitioner responds, disputing respondent's arguments and reasserting the merits of his grounds for relief.  (Pet'r Resp. [13].)

## II.   DISCUSSION

### A.   Petitioner's Challenge to Case Number 2009-CR-0163-5 is Untimely

A § 2254 petition is subject to a statutory one-year limitation period, which runs from the latest of the following:

---

[4] As part of ground three, petitioner also complains of several alleged defects in the state habeas proceedings, including Mr. Majeske's initial filing of the petition. (Am. Pet. 39-42.)  However, "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."  Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004).  Therefore, these claims are not cognizable in federal habeas corpus proceedings and are not further addressed herein.

8

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Regarding Clayton County case number 2009-CR-0163-5, petitioner does not clearly assert that the circumstances set forth in subparagraphs (B) through (D) above apply.  Thus,  one-year limitations period began to run on June 12, 2009, when petitioner's conviction became final.  See O. C. G. A. § 5-6-38(a) (notice of appeal must be filed within thirty days after entry of judgment); Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that prisoner's conviction became final under § 2244(d)(1)(A) when the time for filing a direct appeal expired).  Accordingly, petitioner had until June 12, 2010 to file a § 2254 petition.

9

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, "a state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted). Because petitioner did not file his state habeas petition until February 28, 2012, more than one year and seven months after the limitations period had expired, he is not entitled to statutory tolling.

Petitioner does not contend that he is actually innocent. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (A plea of actual innocence, if proved, can overcome the one-year limitations period for filing a federal habeas corpus action.). Although not entirely clear, petitioner appears to assert that the attorneys who represented him in case number 2008-CR-1875-5 and initially in his state habeas proceedings are somehow responsible for his untimely challenge to case number 2009-CR-0163-5. (Pet'r Resp. 3-4.) The limitations period set forth in "§ 2244(d) is subject to equitable tolling" when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). "The burden

10

of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) (citation omitted).

Petitioner has not met this burden because his arguments are baffling and incomplete and because he has presented insufficient evidence to support them. The Court is unable to determine whether petitioner is entitled to equitable tolling based on his attorneys actions and/or omissions without additional information about (a) any motions filed after petitioner's May 13, 2009 guilty plea in 2009-CR-0163-5 and (b) petitioner's agreements with counsel concerning any post-conviction proceedings and/or appeals in that case. Accordingly, this § 2254 petition, which petitioner filed on February 5, 2014 is untimely as to case number 2009-CR-0163-5 by more than three years and seven months.

### B.   Petitioner's Claims Concerning Case Number 2008-CR-1875-5

#### 1.   28 U.S.C. § 2254 Standards

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). In general, a state prisoner who seeks federal habeas corpus relief may not obtain that

11

relief unless he first exhausts his available remedies in state court or shows that a state remedial process is unavailable or ineffective.  Id. § 2254(b)(1).  A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id. § 2254(d).  When applying § 2254(d), the federal court evaluating a habeas petition must first determine the applicable "'clearly established Federal law, as determined by the Supreme Court of the United States.'"  Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)); Van Poyck v. Fla. Dep't of Corrs., 290 F.3d 1318, 1322 n.4 (11th Cir. 2002) (per curiam) ("[I]n the context of a habeas review of a state court's decision–only Supreme Court precedent can clearly establish the law.").  Next, the federal habeas court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or whether the state court reached a result different from the Supreme Court on a set of materially indistinguishable facts.

<u>Williams</u>, 529 U.S. at 412-13.  In other words, a state court decision is "contrary to" clearly established federal law only when it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases." <u>Id.</u> at 405; <u>see also</u> <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002) (per curiam) (holding that a state court decision is not contrary to federal law simply because it does not cite Supreme Court authority; the relevant inquiry is whether the reasoning or the result of the state decision contradicts that authority).

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it must then determine whether the state court decision was an "unreasonable application" of clearly established federal law by determining whether the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case.   <u>Williams</u>, 529 U.S. at 413.   "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" <u>Harrington v. Richter</u>, 131 S. Ct. 770, 785 (2011) (quoting <u>Williams</u>, 529 U.S. at 410) (emphasis in original).   "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-

13

court decision applied clearly established federal law erroneously or incorrectly [but r]ather, that application must also be unreasonable." <u>Williams</u>, 529 U.S. at 411.  Thus,

> [a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

<u>Harrington</u>, 131 S. Ct. at 786-87; <u>see also</u> <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) ("Where [in a federal habeas corpus petition] the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but [also] objectively unreasonable.").  Additionally, the state court's determinations of factual issues are presumed correct.  28 U.S.C. § 2254(e)(1).  A petitioner can overcome this presumption only by presenting "clear and convincing evidence" that the state court's findings of fact were erroneous.  <u>Id.</u>

The undersigned has reviewed the pleadings and exhibits and finds that the record contains sufficient facts upon which the issues may be resolved.  As petitioner has not made the showing required by 28 U.S.C. § 2254(e)(2) to entitle him to an evidentiary hearing, the undersigned finds that no federal evidentiary hearing is warranted, and the case is now ready for disposition.

14

### 2. **Petitioner's Guilty Plea Waived Ground One**

In his first ground for relief, petitioner argues that the traffic stop was illegal and that his conviction was obtained based on fabricated and insufficient evidence.  (Am. Pet. 12-33.)  The Supreme Court has held that a criminal defendant who has entered a guilty plea "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  Tollett v. Henderson, 411 U.S. 258, 267 (1973).  By entering a guilty plea, a defendant "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."  United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008) (citations omitted).  See also United States v. Tome, 611 F.3d 1371, 1379 (11th Cir. 2010) (stating that a guilty plea waives "all challenges to the factual basis underlying [a] violation and all other non-jurisdictional challenges to it.").  Thus, petitioner's November 29, 2011 guilty plea waived his right to challenge the traffic stop and the factual basis underlying his conviction.  Accordingly, he is not entitled to relief as to ground one.

### 3. **Grounds Two through Four are Procedurally Defaulted**

Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court , or who attempts to raise it in a manner not permitted

15

by state procedural rules is barred from pursuing the same claim in federal court . . . .

Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).  Thus, a claim not previously raised in state court is procedurally defaulted when it is clear that a state court would now find that it is "barred by [state] law" from considering the merits of the claim. Castille v. Peoples, 489 U.S. 346, 351 (1989).  A petitioner can overcome a procedural default by showing "cause" for the default and resulting "prejudice" or that "a fundamental miscarriage of justice" will occur if the claim is not addressed.  Mincey v. Head, 206 F.3d 1106, 1135 (11th Cir. 2000).  An ineffective-assistance-of-counsel claim, if both exhausted and not procedurally defaulted, may constitute cause.  Hill, 81 F.3d at 1029-31; see also Murray v. Carrier, 477 U.S. 478, 489 (1986) ("[A] claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.").  If a petitioner has not shown cause to excuse the procedural default, a federal court need not consider whether he can demonstrate actual prejudice from the alleged constitutional violation. McCleskey v. Zant, 499 U.S. 467, 502 (1991).

Petitioner never presented grounds two through four to the state courts. Georgia law provides that if a petitioner failed to make a "timely motion or objection or

16

otherwise compl[y] with Georgia procedural rules at trial and on appeal[,] . . . habeas corpus relief shall not be granted."  O.C.G.A. § 9-14-48(d).  Additionally, Georgia's rule against successive habeas petitions prohibits a Georgia court from considering claims in a second state habeas corpus petition that could have been raised in the first habeas petition.  See O.C.G.A. § 9-14-51.  Because these rules prevent a Georgia habeas corpus court from considering grounds two through four, they are procedurally defaulted.  See Ogle v. Johnson, 488 F.3d 1364, 1370-71 (11th Cir. 2007) (A claim that "could not be raised in a successive state habeas petition . . . is procedurally defaulted."); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) (concluding "that a state habeas court would hold [petitioner's] claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition" and "that those claims [therefore] are procedurally barred from review in this federal habeas proceeding and exhausted.").

Petitioner has not raised an exhausted and not procedurally defaulted ineffective-assistance-of-counsel claim to  excuse the procedural default of grounds two through four.  Petitioner also has not alleged any other cause and resulting prejudice or a fundamental miscarriage of justice to excuse the procedural default of these grounds.

17

Accordingly, petitioner is not entitled to federal habeas relief with respect to grounds two through four.

## III.   CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. §2254, Rule 11. Moreover, pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

18

of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotation marks omitted). Based on the foregoing discussion, the resolution of the issues presented is not debatable by jurists of reason; thus, the Court should deny a certificate of appealability.

IV.    **CONCLUSION**

Accordingly, the undersigned **DENIES** petitioner's Motion for Leave to Supplement Exhibits Filed by the Respondent [14] and **RECOMMENDS** that respondent's Motion to Dismiss the Claims Challenging the 2009 Guilty Plea Conviction as Untimely [11] be **GRANTED**, that the Amended Petition otherwise be denied, and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 21st day of July, 2014.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

19