**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| VAL EALEY,<br>Petitioner, | ::<br>:: | HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | ::<br>::<br>:: | |
| TOM GRAMIAK,<br>*Warden, Dooly State Prison*,<br>Respondent. | ::<br>::<br>:: | CIVIL ACTION NO.<br>1:14-CV-0418-RWS-WEJ |

**ORDER**

This case is before the Court on petitioner Val Ealey's Objections [17] to the Final Report and Recommendation ("R&R") [15], which recommends that respondent's Motion to Dismiss [11] be **GRANTED** and that this Amended 28 U.S.C. § 2254 Petition [6] and a certificate of appealability be denied.

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d

1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

## I. Background

### A. Case Number 2008-CR-1875-5

On October 27, 2007, petitioner was stopped for speeding in Clayton County. (Resp't Ex. 5 pt. 1 [12-7], at 102-03; Resp't Ex. 6, pt. 2 [12-11], at 18.) The officer noticed an odor of marijuana coming from petitioner's vehicle. (Resp't Ex. 6, pt. 2 at 18.) Based on the odor, the officer searched the vehicle and found more than an ounce of marijuana and more than twenty-eight grams of cocaine. (Id.) Petitioner was



AO 72A
(Rev.8/82)

charged in Clayton County case number 2008-CR-1875-5 with trafficking in cocaine, possession of marijuana, and speeding. (Resp't Ex. 5 pt. 1 at 102-03.)

Following a bench trial on April 21, 2009, petitioner was found guilty on all counts. (Resp't Ex. 5 pt. 1 at 145; Resp't Ex. 5 pt. 2 [12-8], at 32.) The court imposed a total sentence of ten years of imprisonment. (Resp't Ex. 5 pt. 2 at 33.) Thomas Moran represented petitioner at trial. (Resp't Ex. 5 pt. 1 at 145.)

Represented by new counsel, Jonathon J. Majeske, petitioner filed a direct appeal, arguing that his waiver of his right to a jury trial was involuntary. (Resp't Ex. 5 pt. 3 [12-9], at 4-13.) The Georgia Court of Appeals agreed and reversed petitioner's conviction, but concluded that he could be retried. Ealey v. State, 714 S.E.2d 424, 427-28 (Ga. Ct. App. 2011).

On November 29, 2011, represented by Mr. Majeske and Mark J. Issa, petitioner entered a negotiated guilty plea and again received a total sentence of ten years of imprisonment, concurrent with Clayton County case number 2009-CR-0163-5. (Resp't Ex. 6, pt. 2 at 14-24.) Petitioner did not pursue further direct review.

**B. Case Number 2009-CR-0163-05**

On October 29, 2007, officers from the Clayton County Narcotics Unit executed a search warrant on petitioner's residence. (Resp't Ex. 5 pt. 2 at 100.) Upon entry, the



AO 72A
(Rev.8/82)

officers found approximately fifty pounds of marijuana, as well as some cocaine. (Id.; Resp't Ex. 2 [12-4], at 2.) Petitioner was charged in Clayton County case number 2009-CR-0163-5 with possession of controlled substances near a school, possession of cocaine, and trafficking in marijuana. (Resp't Ex. 5 pt. 3 at 1-2.)

On May 13, 2009, petitioner, represented by Mr. Moran, pleaded guilty to the trafficking in marijuana charge, and the remaining charges were nolle prossed. (Resp't Ex. 5 pt. 2 at 51, 99-105.) The court sentenced petitioner to seventeen years of imprisonment, concurrent with Clayton County case number 2008-CR-1875-5. (Id. at 108.) Petitioner did not file a direct appeal.

**C. Post-Conviction Proceedings**

On February 28, 2012, petitioner, still represented by Mr. Majeske, filed a habeas corpus petition in the Superior Court of Dooly County, challenging case number 2009-CR-0163-5. (Resp't Ex. 1a [12-1].) Petitioner later filed a pro se amendment. (Resp't Ex. 1b [12-2].) In that petition, as amended, petitioner raised the following seven grounds for relief: (1) Mr. Moran was ineffective for not properly moving to suppress the contraband found in petitioner's home on the ground that the affidavit supporting the search warrant was legally insufficient; (2) Mr. Moran was ineffective for not moving to quash the indictment on double jeopardy grounds; (3) Mr.



AO 72A
(Rev.8/82)

Moran was ineffective for failing to challenge the insufficient chain of custody reports as to the marijuana evidence; (4) Mr. Moran was ineffective for not challenging the marijuana tests evaluations because they were fabricated; (5) the prosecutor and trial judge exceeded their jurisdiction in bringing a case against petitioner and entering judgment without evidence or subject matter jurisdiction; (6) the trial court erred in not allowing petitioner to discharge his retained attorney before trial; and (7) the trial court abused its discretion in failing to rule on petitioner's motion to withdraw his plea. (Resp't Ex. 1a at 5; Resp't Ex. 1b.)

On July 30, 2012, petitioner executed another pro se amendment adding a challenge to case number 2008-CR-1875-5. (Resp't Ex. 1c [12-3].) In that amendment, petitioner added the following grounds for relief: (8) Mr. Majeske and Mr. Issa were ineffective for failing to raise a chain of custody and lack of evidence challenge to the cocaine that formed the basis of his conviction, as the cocaine was never signed out of evidence for testing by the Georgia Bureau of Investigation ("GBI"); (9) Mr. Majeske and Mr. Issa were also ineffective for not arguing that the chain of custody documents revealed false entries; (10) Mr. Majeske and Mr. Issa were ineffective for failing to raise a claim that the GBI lab report was fabricated, as the quantities seized and tested differed; (11) Mr. Majeske and Mr. Issa were ineffective



AO 72A
(Rev.8/82)

for (a) not arguing that Mr. Moran was ineffective for not properly moving to suppress the drug evidence and (b) not allowing petitioner to view the evidence against him; (12) Mr. Majeske and Mr. Issa were ineffective for not arguing that Mr. Moran was ineffective for abandoning representation after the trial court denied petitioner's motion to suppress; (13) Mr. Majeske was ineffective for not arguing prosecutorial misconduct based on the prosecutor's knowledge of the inadmissibility of the drug evidence due to the errors in the chain of custody reports; and (14) Mr. Majeske was ineffective for failing to raise the issue of judicial misconduct based on the trial court's alleged knowledge of the insufficient chain of custody reports. (Id. at 3-5.)

Following December 11, 2012 and March 19, 2013 evidentiary hearings wherein petitioner appeared pro se, the state habeas court entered a written order denying the petition on April 8, 2013. (Resp't Ex. 2; Resp't Ex. 5 pt. 1 at 1-95; Resp't Ex. 6 pt. 1 at 1-116.) The Georgia Supreme Court dismissed as untimely petitioner's application for a certificate of probable cause to appeal the denial of habeas corpus relief on January 6, 2014. (Resp't Ex. 4 [12-6].)

Petitioner filed this federal habeas action on February 5, 2014.[1] (Pet. [1] 3.) In his Amended Petition, petitioner raises the following grounds for relief regarding Clayton County case number 2008-CR-1875-5[2]: (1) his conviction was obtained based on fabricated evidence and an unlawful traffic stop in that the officers "illegally and unconstitutionally profiled, investigated, stopped and arrested . . . petitioner without due process or probable cause"; (2)(a) the state, defense counsel, and the trial court used fraud to convict petitioner as evidenced by the void indictment, fabricated evidence, and that no physical evidence was presented at the bench trial, (b) Mr. Moran was ineffective for filing an insufficient motion to suppress, (c) Mr. Moran was also ineffective for not moving to have the charges dismissed due to the void indictment, GBI log, laser log, and insufficient evidence, (d) Mr. Moran conspired with the state to force petitioner into a stipulated bench trial and stipulating to void evidence and reports, and (e) attorneys Kipling Jones and Michelle Bass Lord provided him

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2254, Rule 3(d); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

[2] Because the Court finds, as discussed below, that petitioner's challenge to Clayton County case number 2009-CR-0163-5 is time barred, petitioner's grounds for relief concerning that case are not listed here.



AO 72A
(Rev.8/82)

ineffective assistance in connection with his motion for a new trial;[3] (3)(a) conspiracy and fraud by the state, appellate counsel and the trial court deprived petitioner of a full and fair appeal, (b) Mr. Majeske was ineffective for failing to move to "void" the conviction, (c) Mr. Majeske deceitfully told petitioner that he could not prosecute the motion to suppress and would have to file a habeas corpus petition, (d) Mr. Majeske failed to appeal the denial of the motion to suppress, raise a claim that the indictment was void, argue that the state had withheld favorable evidence from the video of the traffic stop, and have a transcript of the motion for a new trial hearing prepared and transmitted to the appellate court, (e) Mr. Majeske and Mr. Issa withheld facts of petitioner's case and related to the void indictment and forced him to enter a guilty

[3] As part of ground two, petitioner also asserts that the trial court manipulated and forced him into waiving his right to a jury trial. (Am. Pet. 35) Petitioner raised this claim on direct appeal, and the Georgia Court of Appeals reversed his conviction and allowed the state to retry him. Ealey, 714 S.E.2d at 427-428. Petitioner is entitled to no further relief in this Court with respect to this claim.

plea, and (f) the indictment is void because petitioner's signature was forged onto it;[4] and (4) his right against double jeopardy has been violated.[5] (Am. Pet. 12-33, 35-42.)

Respondent argues, in pertinent part, that petitioner's challenge to case number 2009-CR-0163-5 is untimely, ground one is waived by petitioner's guilty plea, and grounds two through four are procedurally defaulted. (Resp't Br. [11-1], at 5-13.) Petitioner responds, disputing respondent's arguments and reasserting the merits of his grounds for relief. (Pet'r's Resp. [13].)

The magistrate judge agrees with respondent's analysis of this case and recommends that the Motion to Dismiss be granted and that the Amended Petition be denied. (R&R at 8-18.) Petitioner objects, in pertinent part, that the magistrate judge erred by failing to issue a briefing schedule, that his challenge to case number 2009-

---

[4] As part of ground three, petitioner also complains of several alleged defects in the state habeas proceedings, including Mr. Majeske's initial filing of the petition. (Am. Pet. 39-42.) However, "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004). Therefore, these claims are not cognizable in federal habeas corpus proceedings and are not further addressed herein.

[5] In his Objections [17] and Brief [18], petitioner attempts to re-characterize his grounds for relief and raise new claims. For example, petitioner now presents ground one as an ineffective assistance of counsel claim. (Objections 10.) Because these claims were not presented to the magistrate judge, the Court will not consider them. See Williams, 557 F.3d at 1292.



AO 72A
(Rev.8/82)

CR-0163-5 is timely under 28 U.S.C. § 2244(d)(1)(B), that he is actually innocent, that grounds two through four are not procedurally defaulted because he "essentially" raised them in his state habeas proceedings, and, in the event that the Court finds them procedurally defaulted, the default should be excused based on his actual innocence. (Objections 1-2, 4-8, 10-11.)

## II. Analysis of Petitioner's Objections

Regarding petitioner's first objection, neither a response to the petition nor a reply are required unless ordered by the Court. See 28 U.S.C. foll. § 2254, Rule 5(a),(e). There is no requirement that the Court issue a briefing schedule in § 2254 cases. Accordingly, this objection lacks merit.

A § 2254 petition is timely if filed within one year of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Petitioner contends that, on June 1, 2009, the trial court appointed Mr. Jones to represent petitioner in connection with his motion to withdraw his guilty plea in case number 2009-CR-0163-5 and then substituted Ms. Lord as petitioner's counsel when Mr. Jones failed to appear in court on October 27, 2009. (Objections 5.) According to petitioner, Ms. Lord



AO 72A
(Rev.8/82)

amended the motion for new trial filed in case number 2008-CR-1875-5 to "reflect the motion to withdraw plea" in the 2009 case and to add a motion in arrest of the judgment in the 2009 case. (Id.) Petitioner states that a hearing was then scheduled for March 23, 2010. (Id.) "Petitioner, unaware of the amended motion filed by [Ms.] Lord, retained attorneys Mark Issa and Jonathan Majeske," and the hearing was continued until April 27, 2010. (Id.) Petitioner was present at this hearing, and the court, with the agreement of petitioner's attorneys, dismissed the motions filed in case number 2009-CR-0163-5. (Id. at 6.) Petitioner states that he relied on Mr. "Majeske's false assertion that the trial court could not hear the motion to withdraw because the term of court had expired and that he . . . would have to file a habeas corpus petition." (Id.) Petitioner's counsel then waited twenty-two months, until February 28, 2012, to file his state habeas petition. (Id.) Petitioner contends that these facts created an impediment to his filing a timely federal habeas petition.[6] (Id. at 6-7.)

---

[6] To the extent that these allegations could be construed as an argument for equitable tolling, petitioner has not alleged any facts to show that he acted with due diligence. See Holland v. Florida, 560 U.S. 631, 649 (2010) (The limitations period set forth in "§ 2244(d) is subject to equitable tolling" when a petitioner "shows '(1) that **he has been pursuing his rights diligently**, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (emphasis added); George v. Sec'y Dep't of Corr., 438 F. App'x 751, 753 (11th Cir. 2011) (per curiam) (Petitioner cannot "establish reasonable diligence merely by retaining [a postconviction] attorney." Rather, at a minimum, petitioner must "diligently inquire[]

Petitioner fails to show that an impediment "created by State action" prevented him from timely filing this action. An incompetent postconviction attorney "is not the type of State impediment envisioned in § 2244(d)(1)(B)." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Moreover, Mr. Majeske's advice concerning petitioner's need to file a state habeas petition, rather than a motion to withdraw his guilty plea, was correct. See Stokes v. State, 695 S.E.2d 206, 207 (Ga. 2010) ("A motion to withdraw a guilty plea is subject to the term-of-court rule, which bars a trial court from consideration of such a motion once the term of court in which the subject plea was entered has expired." Moreover, a defendant asserting that he received ineffective assistance of counsel in connection with his guilty plea "must seek to withdraw the guilty plea through habeas corpus proceedings.") (citations omitted).

Next, petitioner asserts that he is actually innocent of the charges in both cases. (Objections 7-8.) Regarding case number 2008-CR-1875-5, petitioner contends that "the alleged speeding violation that precipitated the . . . October 27, 2007, arrest was fabricated to establish probable cause to stop and arrest him" and "the video from the traffic stop would **potentially** exonerate him." (Id. at 7.) Petitioner further states, as

of his attorney concerning the filing of the post-conviction motion or the effect that a later filing would have on a federal habeas corpus petition."). Thus, petitioner is not entitled to equitable tolling.



AO 72A
(Rev.8/82)

to case number 2009-CR-0163-5, that "he was in custody prior to and during the police alleged seiz[ure of] contraband from his residence on October 29, 2007." (Id.) According to petitioner, "the state never had actual evidence to present in court to support their charges." (Id.)

A plea of actual innocence, if proved, can overcome the one-year limitations period for filing a federal habeas corpus action. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)). To establish his actual innocence, a petitioner must persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329. "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S.Ct. at 1936 (citing Schlup, 513 U.S. at 316).

Petitioner has not cited to any "reliable evidence not presented at trial" to support his actual innocence claim. Accordingly, petitioner has failed to meet Schlup's



AO 72A
(Rev.8/82)

demanding standard, and this § 2254 petition is untimely as to case number 2009-CR-0163-5.

Finally, the fact that the grounds for relief petitioner raises in this federal petition may be somewhat similar to those he raised in his state habeas proceedings does not satisfy § 2254(b)(1)(A)'s requirement that petitioner exhaust his state court remedies. The Court agrees with the magistrate judge's findings that petitioner did not present the claims he raises in grounds two through four of his federal habeas petition to the state courts and that those grounds are now procedurally defaulted. Moreover, petitioner's actual innocence claim does not excuse this procedural default because, as noted above, he has not meet Schlup's demanding standard. See Mize v. Hall, 532 F.3d 1184, 1195 (11th Cir. 2008) (stating that Schlup standard applies to "fundamental miscarriage of justice exception to the procedural default doctrine").

Having conducted a careful review of the R&R and petitioner's objections thereto, the Court finds that the magistrate judge's factual and legal conclusions were correct and that petitioner's objections have no merit.

## III. Conclusion

For the foregoing reasons, the Court **OVERRULES** the Objections [17], **ADOPTS** the R&R [15] as the opinion and order of the Court, **GRANTS** respondent's

Motion to Dismiss the Claims Challenging the 2009 Guilty Plea Conviction as Untimely [11], **DENIES** the Amended Petition [6], and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED** this _12th_ day of August, 2014.

**RICHARD W. STORY**
United States District Judge



AO 72A
(Rev.8/82)